MATHEWS, Justice.
This is an appeal in a personal injury case where the verdict of the jury found the defendant guilty of negligence, and fixed the amount of damages at $300. Motion for new trial was denied and judgment entered based upon the verdict.
There is no question about liability in this case. Although the verdict was in favor of the appellant, he is not satisfied with the amount and claims that the same is so inadequate that it should shock the judicial conscience. Appellant propounds only one question as follows: Where the uncontra-dicted testimony of the plaintiff shows special damages exceeding $2500, and there is evidence of pain and suffering in addition thereto, is a verdict for the plaintiff in the sum of $300 so inadequate as to shock the judicial conscience and be irreconcilable with the justice of the case?
The trouble with this question is that it is based upon a false premise, to-wit, that the testimony of special damages is uncon-tradicted. The record is full of contradictions or of facts from which reasonable men may draw different conclusions.
It appears from the uncontradicted testimony that the appellant had had two accidents previous to the one in question. The appellant relied exclusively upon his own testimony and that of a Dr. Finkelstein, an Osteopath, to prove his injury and damage. On cross examination the appellant testified that he had two back injuries prior to the injuries upon which this action was brought. *684 The first occurred about seven years prior to the trial. Appellant testified that the second accident occurred about one year after the first accident and denied unequivocally that the second accident occurred in the year 1949. A witness for the appellee, who handled the claim of the appellant for the second accident, testified that the second accident occurred on February 14, 1949, and that claim for such accident was filed by the appellant during that year, which was the same year the third accident occurred. The report showed that in the second accident the appellant had received a lumbo-sacral strain as well as a ruptured inter-vertebral disc. The appellant himself testified that the injury received in the second accident was located in the same area of the back as the injury received in the third accident, which is the accident involved in this case. It is therefore apparent that the testimony of the appellant was impeached on a material question and the jury was justified in believing that the testimony of the appellant with reference to his injuries in the second accident and any pain and suffering which he claimed therefrom was false. The jury was justified in believing that the appellant was attempting to conceal from them the truth with reference to the second accident.
X-rays failed to show any injury and Dr. Finkelstein testified that the appellant had a chronic or weak back; that he did not know of the previous accidents and if there were previous injuries, there was a possibility of continued disability from such previous injuries.
An Orthopedic surgeon conducted a physical examination of the appellant prior to the trial upon order of the Court. His examination was complete and he testified that he could find no objective findings through his examination or by X-rays; that if the appellant had lumbosacral sub-luxation, as testified to by the Osteopath, such condition would definitely be shown by X-rays, but that he found no such showing.
The record shows that at the time of the accident, the appellant told the driver of the other car that he was not injured. Although the accident happened in December of 1949, no suit was filed until January 22, 1952. All of these facts were considered by the jury and were sufficient to justify it in a belief that the large medical bill of the Osteopath was not based on necessary treatments because of injury received in the accident involved in this case.
The record further shows that the office of appellant and that of Dr. Finkelstein were on the same floor of the same building; that Dr. Finkelstein rendered a bill for $446 based on 119 calls or visits; that appellant had only paid $200 on Dr. Finkel-stein’s bill, although at the time of the trial it was more than two years old.
 It is unnecessary to go into any other details of the testimony. Fixing and awarding damages is peculiarly within the province of the jury. The jurors are the sole judges of the testimony. They saw the witnesses and heard them, observed their demeanor on the witness stand, and were in a better position to judge of their interest, or lack of interest, or bias or prejudice in the case, than anyone else.
There was sufficient evidence in the case to justify the jury in rendering a verdict for only $300. The amount of the verdict, under the testimony in this case, does not shock the judicial conscience, and it has not been made to appear that it was the result of bias or prejudice, or that the jury was influenced, by anything other than the testimony and charges of the Court.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.