**M. C. GASTON, v. JOHN R. SEVOR and LELLA PAULINE SEVOR, as husband and wife.**

23 So. (2nd) 156            June Term, 1945

September 11, 1945            Division A

*Davis, Davis & McClure, Chas. E. Davis,* for appellants.

*R. C. Horne,* for Appellee.

PER CURIAM:

The parties to this appeal are M. C. Gaston, John R. Sevor and a farm, all resident of Madison County. The farm was owned by Mrs. Marie S. Currie of another State, but it was in charge of Gaston. Sevor rented the farm through Gaston and made application to him to buy it. He was advised that Mrs. Currie would take $4750.00 net for it, he (Sevor) to pay taxes for 1943 and have returned to him the rent note for that year. Sevor accepted this proffer. It was also agreed

that Sevor would pay Gaston $162.50, the amount of the rent note, for his commission.

Sevor later learned that Mrs. Currie had agreed with Gaston to take $4000.00 net for the farm, Sevor to pay taxes for 1943 and to receive back the rent note for that year. On learning of Gaston's misrepresentation Sevor brought this action to recover the difference between the sum of $4750.00 and $4000.00, charging fraud. A trial resulted in a verdict and judgment in the sum of $750.00 and costs in favor of Sevor. The final judgment appealed from was predicated on this verdict.

Appellant has argued seven questions but they all turn on the primary question of whether or not, there was evidence to support the fact of agency on the part of Gaston to represent both Mrs. Currie and Sevor. It is first contended that if Gaston represented Sevor there is no showing that he represented Mrs. Currie and being so it was error to charge the jury that if they believed from the preponderance of the evidence that Gaston was not representing Sevor but was representing Mrs. Currie, no recovery could be had against him.

We have carefully examined the charge of the court and much space was given to factual statement to get the issue squarely before the jury. If taken alone some parts of the charge might be confusing and erroneous but when read as a whole we are convinced that if error was committed it was harmless. The law is well settled that charges must be considered as a whole and not in piecemeal or by isolated portions. Barkley v. State, 152 Fla. 147, 10 So. (2nd) 922. The issues were so squarely and clearly before the jury we find no basis to ground error on this point.

In reference to the testimony appellant contends that all the material evidence was that of appellant and appellee in person and that since their evidence was in direct conflict there was no preponderant proof to support the verdict. Coker v. Dawkins, 20 Fla. 141, is relied on to support this contention.

If there had been no testimony except that of Gaston and Sevor the rule in Coker v. Dawkins might be applicable, but

in this case there was the additional testimony of Mrs. Currie, Sevor's brother, the telegram from Mrs. Currie to Gaston about the sale besides other circumstances that the jury was authorized to consider in reaching its finding. After all is said the answer to this part of the question turns on the credibility of the evidence and we find that ample for reasonable men to have reached the verdict that was rendered.

It is last contended that there should have been a remittitur of $162.50, the amount of the rent note, that it was agreed that Gaston should have as compensation for his services.

We think there is merit to this contention. Plaintiff's declaration alleges that he agreed to pay this amount and the evidence supports the allegation. It is quite true that by plea and in his testimony defendant denied this but when the jury accepted the plaintiff's version of the case and his testimony as a whole which supports it, the remittitur should have in right and justice been entered.

It follows that the judgment appealed from is affirmed on condition that a remittitur in the sum of $162.50 be entered; otherwise, it will stand reversed for a new trial.

Affirmed with remittitur.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, concur.