137 So.2d 876 (1962)
Luella Maxine OWCA and Leo W. Owca, Appellants,
v.
Sigmund S. ZEMZICKI and Betty B. Zemzicki, Appellees.
No. 2101.
District Court of Appeal of Florida. Second District.
February 7, 1962.
Rehearing Denied February 27, 1962.
*877 Patrick H. Dickinson of Dart, Bell & Savary, Sarasota, for appellants.
Richard E. Nelson of Butler & Nelson, Sarasota, for appellees.
KANNER, Judge.
A highway collision involving an automobile driven by plaintiff Betty B. Zemzicki and one owned by defendant Leo W. Owca and driven by his wife, also a defendant, was alleged to have occasioned the injuries to the plaintiffs for which damages were sought below in a personal injury action. The final judgment appealed was predicated upon jury verdicts for the respective plaintiffs in the amounts of $30,000 for the wife and $5,000 for the husband. Defendants' motions for new trial and remittitur were denied.
Defendants, as a step in the litigation, determined that it was necessary to take the deposition of plaintiffs' family physician, who had examined plaintiff Betty B. Zemzicki shortly after the accident. In due course, a "Notice of Taking Deposition" was filed stating that the deposition would be taken, "* * * by oral examination for the purpose of discovery or evidence in the case, or both, under the 1954 Florida Rules of Civil Procedure." Plaintiffs made no objection. The deposition was taken in accordance with the notice; and later, during the trial by jury upon the issues of liability and damages, defendants proffered it for introduction into evidence, asserting that this was being done pursuant to section 90.23, Florida Statutes, F.S.A. That section in effect provides for the taking of testimony of any expert or skilled witness, with the provision that under certain circumstances, such deposition may be used in evidence, in lieu of the testimony of the witness from the stand.[1] Upon objection interposed by plaintiffs, the court ruled the deposition inadmissible. The family physician deposing did not testify, nor did he appear in court during trial. Claiming error on the part of the trial judge through his refusal to admit into evidence the deposition, defendants argue that had it been presented to the jury, it would have had a significant effect upon the deliberations.
Section 90.23, Florida Statutes, F.S.A., was designed to supply an expeditious and economical means by which the costs attendant upon the use of expert or skilled witnesses might be reduced and the time of such witnesses conserved. It is a separate and optional method not embraced within the scope of the provisions contained within the 1954 Florida Rules of *878 Civil Procedure relating to the taking of depositions. It is specified that nothing contained in the section shall prevent the taking of any deposition as is otherwise provided by law.
Rule 1.21, 30 F.S.A., entitled "Depositions Pending Action", prescribes the manner in which respective counsel may seek to discover pertinent information pending litigation, and delineates certain situations under which depositions of parties taken via the rule might be admitted into evidence. In their notice for taking the deposition, defendants stated that it was for the purpose of discovery or evidence in the case or both under the 1954 Florida Rules of Civil Procedure. By Rule 1.21(d) (3),[2] opposing counsel is under no obligation to object to the deposition until it is actually proffered, since the party taking it must assume the burden of affirmatively demonstrating that the situation falls within the confines of the circumstances set forth in the rule allowing a deposition of a witness to be used instead of the witness's presence and testimony at trial.
As footnoted, the statute, on the other hand, provides that upon proper objection made by opposing counsel pursuant to due notice the court may disallow the taking of the deposition and require personal appearance of the witness if this is deemed necessary to insure a fair and impartial trial. This is qualified by the provision in the statute that if objection is not made to the court prior to the taking of the deposition, it may be used in evidence if it is otherwise admissible. Reasonable notice that a deposition under the statute is to be taken is a mandatory requirement. An essential objective contemplated by that provision is clearly to alert one's adversary that the deposition is to be utilized as evidence to supplant testimony by personal appearance of the expert witness. The need for such clear notice is readily apparent, since any objection must be made to the court before the deposition is taken.
Our conclusion is that the "reasonable notice" provision of section 90.23 was not fulfilled by defendants in the notice with which plaintiffs were furnished. On the contrary, it merely indicated that the deposition was to be taken "* * * under the 1954 Rules of Civil Procedure." Intent of the reasonable notice specification of the statute is that the adverse party be advised his opponent plans to proceed under the statute. Thus, defendants, because of failure to comply with the requirement of section 90.23 that reasonable notice be given of their intention to take the deposition pursuant to the statute, cannot avail themselves of it. To hold otherwise would impose a requirement upon opposing counsel to guess or speculate whether the party taking the deposition would proceed under the statute or under the rule and to remain in doubt as to when his objection should be made.
Under Rule 1.21(d) (3), it devolves upon defendants to account satisfactorily for the absence of the deposing witness. We do not find that this was done so as to meet the conditions of the rule in order that the deposition might be used as a substitute for personal appearance. Defendants do not urge that they have complied with the rule but rather place their reliance upon the *879 applicability of the statute. They have fallen short of the prescribed procedures required respectively under the statute and under the rule, and the action of the trial judge in refusing to admit the deposition into evidence did not constitute error.
At this juncture, we comment that section 90.23, Florida Statutes, F.S.A., in designating the method to be followed during deposition proceedings, states that the deposition shall be taken "* * * in the manner now provided for taking depositions de bene esse, notwithstanding the residence of the witness." This has reference to Rule 1.32, "Depositions De Bene Esse", Florida Rules of Civil Procedure. This rule, however, was abolished by the Florida Supreme Court by order promulgated on June 30, 1961. At the time of the judgment recoveries here, the abolition rule had not become effective. See In re Amendments to Florida Rules of Civil Procedure, Fla. 1961, 131 So.2d 475, and Fla., 132 So.2d 6.
Another point urged by defendants is that the trial court erred in instructing the jury, over defendants' objection, upon impairment of earning capacity. Defendants' position is that this is a matter of specially damages and, as such, must be specially pleaded. It is true that under Rule 1.9(g), Florida Rules of Civil Procedure, when items of special damages are sought, it is necessary that they shall be specially stated. It is noted, however, that the complaint here alleges that the plaintiff wife "* * * has in the past been employed and as a result of the aforementioned injuries, she will suffer loss of earnings"; and it is also noted that defendants admit they made no objection while testimony concerning future employment was being entered into the record. Subsequent to the verdicts plaintiffs moved to amend their complaint so as to conform to the evidence, and through order of the trial court, the amendment was allowed
Under Rule 1.15(b), issues not raised by the pleadings, if tried by express or implied consent of the parties, shall be treated as though they had been so raised. Such amendment of the pleadings as may be necessary to conform them to the evidence and to raise these issues may be made upon motion of any party at any time, even after the judgment or decree, although failure to thus amend shall not affect the result of the trial of these issues. By subsection (c), such amendment shall relate back to the original pleading date. If evidence is introduced as to facts or issues not presented in the pleadings, the court in its discretion may authorize amendment so as to facilitate presentation of the merits of the case; and amendment of pleadings is not necessarily considered imperative where no objection has been made that the evidence is not within the scope of the pleadings in a case which is tried as if the issue had been raised. See Robbins v. Grace, Fla.App. 1958, 103 So.2d 658; Fearing v. De Lugar Neuvo, Fla. App. 1958, 106 So.2d 873. Hence, because of failure to object to testimony on the subject of future employment and the court's order amending the complaint to include this phase, defendants' objection to the instruction relating to impairment of earning capacity was not sustainable.
A small part of another instruction given by the trial judge dealing with contributory negligence is protested by defendants as having been prejudicial to them. An isolated portion of an instruction cannot of itself be singled out as constituting error. The whole instruction must be considered, together with the complete context of all the instructions in order to determine whether harmful error has resulted. See Butler v. Watts, Fla.App. 1958, 103 So.2d 123; Gaston v. Sevor, 1945, 156 Fla. 157, 23 So.2d 156; Becker v. Blum, 1940, 142 Fla. 60, 194 So. 275. Nor will a judgment be reversed because of an erroneous or incomplete charge which could not reasonably have been harmful. See Winthrop v. Carinhas, 1940, 142 Fla. 588, 195 So. 399, Tampa Electric Co. v. Jandreau, *880 1927, 93 Fla. 520, 112 So. 558. From a study of the criticized instruction, together with all the other instructions, we find no prejudicial error to have been established.
As to defendants' remaining contention relating to excessiveness of the verdicts and insufficiency of the evidence to support them, this is peculiarly a question for the jury, and the matters raised do not suffice to successfully assail the result of that body's deliberations in this regard.
There being no basis for reversal under the points raised, the trial court's final judgment is affirmed.
Affirmed.
SHANNON, C.J., and WHITE, J., concur.
NOTES
[1] "90.23 Witnesses, expert.

(1) The term `expert witness' as used herein applies exclusively to a person duly and regularly engaged in the practice of his profession, who holds a professional degree from a university or college and has had special professional training and experience, or one possessed of special knowledge or skill in respect of the subject upon which he is called to testify.
(2) The testimony of any expert or skilled witness may be taken at any time before the trial of any civil cause in any of the courts of this state, in equity or at common law, upon reasonable notice, in the manner now provided for taking depositions de bene esse, notwithstanding the residence of the witness. Provided, however, that the court may, upon proper objection by opposing counsel, pursuant to due notice, disallow the taking of such deposition, and require the attendance of such witness in person at the trial of the cause, if the court finds that the personal appearance of such witness at the trial shall be necessary to insure a fair and impartial trial. Such objection shall be made to the court prior to the taking of the deposition, otherwise the same may be used in evidence, if otherwise admissible.
(3) * * *
(4) Nothing herein contained shall prevent the taking of any deposition as otherwise provided by law."
[2] "Rule 1.21(d) (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: 1. That the witness is dead; 2. that the witness is at a greater distance than one hundred miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or 3, that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or 4, that the party offering the deposition has been unable to procure the attendance of the witness; or 5. upon application and notice, that such exceptional circumstances exist as to make it desirable in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."