187 So.2d 901 (1966)
George W. MILLER, Appellant,
v.
A.F. JAMES, d/b/a A.F. James Truck Lines, and Holland D. Dickey, Appellees.
No. 6330.
District Court of Appeal of Florida. Second District.
June 24, 1966.
*902 Charles J. Cheves, Jr., of Icard, Merrill, Cullis & Timm, Sarasota, for appellant.
Evelyn Gobbie and Dart, Bell & Dickinson, Sarasota, for appellees.
PIERCE, Judge.
This is an appeal from a final judgment entered in favor of appellees, as defendants below, and against appellant, as plaintiff below, pursuant to a verdict returned by a jury after trial in the Circuit Court for Charlotte County. Plaintiff Miller sued defendants James and Dickey for damages arising from personal injuries incurred when a truck driven by Dickey and owned by James struck from the rear a vehicle being driven by plaintiff. Negligence of the truck driver Dickey was alleged to have been the proximate cause of the accident and plaintiff's consequent injuries.
The main issue tried to the jury seems to have been, from the record before us here, the matter of damages to be awarded plaintiff, the question of liability being more or less conceded. The jury awarded plaintiff $2,500 as damages, whereupon plaintiff filed a motion for new trial, contending that the amount awarded was grossly inadequate. When the trial Judge denied the motion for new trial and entered judgment accordingly, plaintiff appealed to this Court, pursuing his argument that the jury's award was inadequate as a matter of law, and that the trial Judge was in fatal error in denying him a new trial.
Upon the sole issue contended here, namely, the monetary inadequacy of the verdict as a matter of law, we are unable to agree with plaintiff. In a long line of cases, the appellate Courts of Florida have held that the amount of damages to be awarded plaintiff in a negligence action is peculiarly the province of the jury, especially when the amount fixed by the jury in its verdict bears the stamp of approval of the trial Judge.
The jurors hear the entire testimony, pro and con, adduced by the parties, and the trial Judge does likewise. The jurors observe the demeanor of all the witnesses, and the trial Judge does likewise. The jurors are the triers of the facts under our system of jurisprudence. The trial Judge sits in a peculiarly advantageous position to either approve or disapprove the solemn verdict of the jury, including the amount of damages unanimously arrived at, such as in the case sub judice. And when a verdict passes the acid test of all six jurors and the trial Judge, who heard and considered all the evidence before them and considered all proceedings at the trial, it is not for us at the appellate level to substitute our judgment, from the cold pages of the record, for that of those whose sworn duty is to determine and declare the facts upon the controverted issues in the trial Court. Such issues include adequacy of the amount awarded in the verdict. Andrews v. Cardosa, Fla. App. 1957, 97 So.2d 43; Wise v. Jacksonville *903 Gas Corp., Fla.App. 1957, 97 So.2d 704; ReMark Chemical Co. v. Ross, Fla.App. 1958, 101 So.2d 163; McNulty v. Cusack, Fla.App. 1958, 104 So.2d 785; St. Joe Paper Co. v. Gulf Mosquito Control Dist., Fla.App. 1961, 125 So.2d 895; Owca v. Zemzicki, Fla.App. 1962, 137 So.2d 876; Bell v. Tarvin, Fla.App. 1964, 163 So.2d 300; Ratner v. Arrington, Fla.App. 1959, 111 So.2d 82; Kraus v. Osteen, Fla.App. 1962, 135 So.2d 885; Schmidt v. Tracey, Fla.App. 1963, 150 So.2d 275, cert. den. 159 So.2d 645; LaPorte v. Associated Independents, Inc., Fla. 1964, 163 So.2d 267, 1 A.L.R.3d 992.
Strong reliance is placed by plaintiff here upon the proposition that the jury was legally bound to accept the testimony of the plaintiff and his medical witness Dr. Reilly on the question of damages. Such contention is untenable. In the first place, their testimony was not exactly without dispute, in the light of testimony of the defendants' medical witness, Dr. Greenwood. In the second place, even if such testimony was uncontradicted, the jury was not obligated ipso facto to accept it at full face value, where there existed, as here, reasonable areas for differences of opinion. Goldstein v. Walters, Fla.App. 1961, 126 So.2d 759; Puleo v. Shaw, Fla.App. 1963, 149 So.2d 880, Fla. 1964, 159 So.2d 641; Roberts v. Bushore, Fla.App. 1965, 172 So.2d 853; Fla. 1966, 182 So.2d 401, Fla.App. 1966, 183 So.2d 708; Bailey v. Sympson, Fla.App. 1963, 148 So. 729; Ingle v. Cochran, Fla.App. 1963, 151 So.2d 63; and cases therein cited.
We cannot say that the amount of damages awarded by the jury below shocks the conscience of this appellate Court. Neither can we say that the jurors did not have a reasonable area, from the conflicts and differences in the testimony adduced before them, to arrive at the amount of damages so fixed in their verdict. Much less can we say that the able trial Judge abused his discretion in denying the motion for new trial. Such being the case the judgment appealed from is hereupon 
Affirmed.
LILES, Acting C.J., and KISSINGER, C.M., Associate Judge, concur.