PEARSON, Judge.
The defendant appeals a final judgment entered upon a jury verdict for the plaintiff. The principal points on appeal question the refusal of the trial judge to direct a verdict for the defendant-appellant. First, it is urged that the verdict should have been directed because the plaintiff was guilty of contributory negligence as a matter of law. Second, it is urged that the verdict should have been directed because the record affirmatively establishes that the plaintiff was covered by Workmen’s Compensation and that therefore the action was barred by § 440.11, Fla.Stat., F.S.A.[1]
The appellee was injured when she stepped into an uncapped hole nine inches in diameter in the middle of a dirt road. The hole was one of a series of wells used to provide water for the irrigation of a field. A cement cap was provided for each hole. No cement cap covered the hole into which the appellee stepped, and the visibility of the hole was impaired by surrounding weeds and grass.
Under this statement of facts the question of contributory negligence was for the jury. Bartholf v. Baker, Fla.1954, 71 So.2d 480, 484; City of Jacksonville v. Stokes, Fla.1954, 74 So.2d 278.
*514 The appellant’s contention that the appellee’s recovery is barred by the Workmen’s Compensation Act is an affirmative defense. The appellant sought to carry the burden of proving this affirmative defense by testifying that “he had Workmen’s Compensation insurance for all of his agricultural workers.” It appears from the record that the appellant did not offer the appellee any of the benefits of the act. Further, he did not produce a policy of insurance or any document showing coverage of the appellee. Under these circumstances it was not incumbent upon the trial judge to direct a verdict upon the simple statement of the defendant that he had procured coverage. One does not necessarily have to believe the testimony of a party when it was unsupported by inferences from the facts. See Miller v. James, Fla.App.1966, 187 So.2d 901, 903.
The appellant has presented two other points each directed to the conduct of the trial. Reversible error has not been demonstrated in either case.
Affirmed.

. “Exclusiveness of liability. — The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee, his legal representative husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter an injured employee, or his legal representative, in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.”