219 So.2d 117 (1969)
Walter Joseph BONDY, Appellant,
v.
Donald J. WEST, Appellee.
No. 68-190.
District Court of Appeal of Florida. Second District.
January 31, 1969.
On Rehearing March 12, 1969.
*118 Ramseur, Bradham, Lyle, Skipper & Cramer, St. Petersburg, for appellant.
Michael B. Piper, St. Petersburg, for appellee.
LILES, Chief Judge.
Appellee, plaintiff in the trial court, was operating a motorcycle on Gandy Boulevard near St. Petersburg when he was struck by an automobile operated by defendant-appellant. Prior to trial and after entry of a pre-trial conference order, plaintiff gave notice of taking of deposition of Charles L. Farrington, M.D., two days before the deposition was to be taken. We are not here concerned with the two days notice. Rather, we are concerned with whether the notice of taking of deposition constituted due notice with regard to F.R.C.P. 1.390, 30 F.S.A.
The notice stated that "plaintiff will take the deposition of Charles L. Farrington, M.D., by oral examination for purposes of discovery or evidence, or both, pursuant to Florida Rules of Civil Procedure." Appellant urges that the language of the notice did not constitute reasonable notice since he was not put on notice that the deposition would be used at trial.
Dr. Farrington's deposition was introduced at trial, over objection, without any showing that the provisions of F.R.C.P. 1.280 were met. (E.g. that the witness was dead, over one hundred miles away, etc.) The trial judge allowed its admission into evidence because defendant had notice that the deposition was being taken pursuant to the Rules of Civil Procedure, and the deposition was being introduced pursuant to one of those rules: F.R.C.P. 1.390  Depositions *119 of Expert Witnesses. He reasoned that, whereas this rule was formerly a statute, it had been changed to a rule and was therefore included within the broad wording of plaintiff's notice.
We disagree. Under Rule 1.390 the deposition of an expert witness may be used in evidence unless opposing counsel objects prior to its being taken. Upon such objection the court may disallow the taking of the deposition if it finds that personal appearance of the witness is necessary to insure a fair trial. The rule further provides that opposing counsel shall have reasonable notice of the taking of the deposition.
This court had occasion to discuss the reasonable notice provision of this rule, which was then Section 90.23, F.S.A., in Owca v. Zemzicki, Fla.App. 1962, 137 So.2d 876. There we said:
"Reasonable notice that a deposition under the statute is to be taken is a mandatory requirement. * * * To hold otherwise would impose a requirement upon opposing counsel to guess or speculate whether the party taking the deposition would proceed under the statute or under the rule and to remain in doubt as to when his objection should be made." 137 So.2d at 878.
Even though the statute was subsequently changed to rule this case is still directly in point.
We are of the opinion that the notice given by the plaintiff did not sufficiently put the defendant on notice that plaintiff intended to avail himself of the Depositions of Expert Witnesses rule and introduce the deposition at trial without having to comply with the provisions of Rule 1.280. The notice was inadequate to apprise defendant that he would have to object prior to the taking of the deposition in order to enable the court to require the witness to attend trial. As in Owca, he remained "in doubt as to when his objection should be made."
We therefore hold that a notice of taking deposition which the party intends to introduce at trial in lieu of personal appearance by the deposing expert witness must specifically state that the deposition is being taken pursuant to F.R.C.P. 1.390. This is necessary to satisfy the "due notice" and "reasonable notice" provisions of that rule.
Appellant urges that the trial court committed error in permitting the opinion of Charles L. Farrington, M.D., to be read to the jury, because the opinion was by an examining physician and based wholly or in part on the history as related to him by the appellee. Appellant relies on Marshall v. Papineau, Fla.App. 1961, 132 So.2d 786, and Troj v. Smith, Fla.App. 1967, 199 So.2d 285. The Marshall case, supra, stated:
"In support of this contention the appellant in his brief has cited and quoted from decisions from Iowa, Minnesota, and Texas, recognizing the rule that the opinion of a physician or surgeon as to the condition of an injured plaintiff, based wholly or in part on the history of the case as told to him by the latter on a personal examination, is inadmissible when the examination was made for the purpose of qualifying the physician or surgeon to testify as a medical witness. These cases are Devore v. Schaffter, 1954, 245 Iowa 1017, 65 N.W.2d 553, 51 A.L.R.2d 1041, Preveden v. Metropolitan Life Ins. Co., 1937, 200 Minn. 523, 274 N.W. 685, and Texas Employers' Ins. Ass'n v. Wallace, Tex.Civ.App. 1934, 70 S.W.2d 832. The reason underlying this rule was thus expressed by the Supreme Court of Minnesota in Preveden v. Metropolitan Life Ins. Co., supra [200 Minn. 523, 274 N.W. 686]:
"`The danger of admitting such testimony is apparent. When a doctor is consulted for the purpose of treatment, it may safely be assumed that the patient will tell the truth to the doctor since he is interested primarily in being cured. However, when he goes to a doctor for the purpose of qualifying the *120 latter to testify, the natural tendency and inducement would be to the contrary.'
"We recognize this exclusionary rule as sound when applied to the testimony of a physician or surgeon who can properly be categorized as an `examining physician' rather than a `treating physician.' We think, however, that in the present case Dr. Wolfe was shown to be a treating physician, and hence the rule cannot correctly be invoked to exclude his testimony." 132 So.2d at 787.
In the Troj case, supra, the opinion of the Marshall case was reaffirmed.
In the present case Dr. Farrington estimated plaintiff's permanent disability at 15%. It is apparent from the record that this opinion was based on a combination of personal observation and the history of the case as told to him by the plaintiff. The trial judge allowed this testimony even though he believed Dr. Farrington to be an examining physician rather than a treating physician. Under Marshall v. Papineau, supra, this constituted reversible error.
We note that, whereas the doctor cannot give opinion testimony based upon plaintiff's self related history, he can testify to matters based upon his own observation. If he relies solely on his own examination of the plaintiff and his knowledge of the subject as an expert his opinion is admissible. Young v. Stevens, 1944, 132 N.J.L. 124, 39 A.2d 115, 118. In such a situation the expert's opinion is not based on plaintiff's history as related by plaintiff and is therefore not within the rule of Marshall v. Papineau, supra.
Appellant also contends that since the deposition was inadmissible the court improperly awarded costs to appellee. The test to be applied here is whether the deposition served a useful purpose in the trial of the cause. This determination lies within the sound discretion of the trial judge. Emigh v. Tinter, Fla.App. 1959, 108 So.2d 913. The fact that a deposition is not admitted into evidence does not require a ruling that costs for taking that deposition are not taxable. The trial judge may still find that this deposition served a useful purpose.
The case is reversed and remanded for further action consistent with this opinion.
Reversed.
HOBSON and MANN. JJ., concur.

ON PETITION FOR REHEARING
PER CURIAM.
Petition for rehearing is hereby granted for the purpose of clarification. Our earlier opinion is hereby affirmed in all respects except insofar as it may be interpreted as a reversal and remand for a complete trial. Instead, the case is reversed and remanded for a new trial on the issue of damages only.
LILES, C.J., and HOBSON and MANN, JJ., concur.