REED, judge.
This is an appeal from an order awarding the defendants a new trial on the issues *740 of damages only. The plaintiff, Thomas Haldane, sued the defendants for personal injuries arising out of a motor vehicle collision. Prior to the trial, the defendants’ attorney gave notice that he intended to take the deposition of a Dr. Jack Arron. It appears from the deposition that Dr. Jack Arron was one of the plaintiff’s treating physicians. It was the doctor’s knowledge gained in treating the plaintiff that was adduced by the deposition.
At the trial and over the defendants’ objection, the trial judge permitted the deposition of Dr. Arron to be read in evidence by the plaintiff without any showing that the doctor was unavailable for a personal appearance. The defendants’ counsel stated his objection to the use of the deposition in part as follows:
“The deposition was taken for use at trial; that was the purpose of it. Consequently, we should have noticed it under Rule 1.390 specifically, as the case says, which was not done. * * * ”
(Emphasis added.)
After an adverse verdict, the defendants moved for a new trial. The notice under which the deposition was taken did not specifically state that the deposition was taken pursuant to Rule 1.390, F.R.C.P. The trial judge concluded that because of this deficiency the deposition should not have been admitted in evidence and granted the motion.
Rule 1.390, F.R.C.P., defines an “expert witness” and in effect provides that the deposition of such a witness may be offered in evidence at trial without regard to the conditions that are normally attached to the use of the depositions of other witnesses as evidence at trial. (See Rule 1.-280(d) (3), F.R.C.P., relating to the availability of witnesses.)
Rule 1.390(b), F.R.C.P., provides that the deposition of an expert witness may be taken upon “reasonable notice.” The District Court of Appeal for the Second District has held that “reasonable notice” requires a specification in the notice that “the deposition is being taken pursuant to F.R.C.P. 1.390”. Bondy v. West, Fla.App. 1969, 219 So.2d 117, 119. If the notice omits this reference, according to the Bondy decision, the deposition cannot be used in the manner contemplated by Rule 1.390. The trial judge in the present case relied on Bondy v. West in granting the new trial.
Respectfully, we disagree with the opinion in Bondy v. West. Certainly the mention of the rule in the notice of the deposition is good practice. However, we think that “reasonable notice” within the meaning of Rule 1.390(b) is any notice which clearly indicates that the deponent is an “expert witness” as defined in Section (a) of the rule. When the parties are thus forewarned, they are put on notice by the Rules of Civil Procedure of all possible uses of the deposition and can govern themselves accordingly. The notice by the defendants in this case which merely indentified the deponent as “Dr. Jack Arron” may well not square with this interpretation of the rule. Nevertheless, the defendants were clearly aware at the time they served the notice of Dr. Arron’s deposition that the doctor was an expert witness within the meaning of Rule 1.390(a) and defendants contemplated the possible use of the deposition for evidence at trial. For this reason, the defendants have no basis for an objection to the sufficiency of the notice to identify the deponent as an expert witness under Rule 1.390, F.R.C.P. We conclude, therefore, that there was no error in permitting Dr. Arron’s deposition to be used in accordance with Rule 1.390, F.R.C.P., and that the motion for a new trial should have been denied.
The order granting the defendants’ motion for new trial is vacated, and the trial court is directed upon remand to enter judgment on the jury verdict.
WALDEN, J., and MORROW, RUSSELL O., Associate Judge, concur.