BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 234 So.2d 739 (Fla.App. 4th 1970). Our jurisdiction is based on conflict between the decision sought to be reviewed and the decision in Bondy v. West, 219 So.2d 117 (FIa.App.2d 1969).
Plaintiff, respondent herein, sued petitioners for personal injuries arising out of a motor vehicle collision. Prior to the trial, the defendants’ attorney gave notice that he intended to take the deposition of Dr. Jack Arron, one of plaintiff’s treating physicians. At the trial and over defendants’ objections, the trial judge permitted the deposition of Dr. Arron to be read in evidence by the plaintiff without any showing that the doctor was unavailable for a personal appearance. The defendants’ counsel objected to the use of the deposition on the ground that the notice of taking did not comply with Rule 1.390, Rules of Civil Procedure, 30 F.S.A., which allows the taking of the testimony of an *572 expert witness for use at trial provided “reasonable notice” is given.
The jury returned a verdict for the plaintiff and defendants moved for a new trial. The trial judge granted a new trial because the notice under which the deposition was taken did not specifically state that the deposition was taken pursuant to Rule 1.390 and therefore should not have been admitted into evidence. The District Court of Appeal, Fourth District, reversed the award of a new trial and remanded to enter judgment on a jury verdict. The District Court recognizes the case of Bon-dy v. West, supra, holding that “reasonable notice” requires a specification in the notice that the deposition is being taken pursuant to Rule 1.390,[1] but stated:[2]
“Respectfully, we disagree with the opinion in Bondy v. West. Certainly the mention of the rule in the notice of the deposition is good practice. However, we think that ‘reasonable notice’ within the meaning of Rule 1.390(b) is any notice which clearly indicates that the deponent is an ‘expert witness’ as defined in Section (a) of the rule. When the parties are thus forewarned, they are put on notice by the Rules of Civil Procedure of all possible uses of the deposition and can govern themselves accordingly. The notice by the defendants in this case which merely identified the deponent as ‘Dr. Jack Arron’ may well not square with this interpretation of the rule. Nevertheless, the defendants were clearly aware at the time they served the notice of Dr. Arron’s deposition that the doctor was an expert witness within the meaning of Rule 1.390(a) and defendants contemplated the possible use of the deposition for evidence at trial. For this reason, the defendants have no basis for an objection to the sufficiency of the notice to identify the deponent as an expert witness under Rule 1.390, F.R.C.P. We conclude, therefore, that there was no error in permitting Dr. Arron’s deposition to be used in accordance with Rule 1.390, F.R.C.P., and that the motion for a new trial should have been denied.”
 We agree with the holding of the District Court in the instant case as set out above. Notice given pursuant to Rule 1.-390 is “reasonable” if it adequately informs counsel that deponent is an “expert witness” as defined in Section (a) of the Rule. Petitioners herein were the parties giving the notice they subsequently objected to and they clearly knew that the deponent was an expert witness under the rule.
The facts in the Bondy case, supra, are different in that the party objecting to the sufficiency of the notice was the party receiving the notice. Even so, the notice given in Bondy[3] was adequate to inform counsel the deponent was an “expert witness” as defined by Rule 1.390(a). We expressly disapprove the holding in Bondy that notice under Rule 1.390 must “specifically state that the deposition is being taken pursuant to F.R.C.P. 1.390”,[4] if it is in- *573 tented to be introduced at trial in lieu of personal appearance by the deposing expert. The rule itself imposes no such requirement.
Accordingly, the decision under review is approved and the writ is discharged.
It is so ordered.
ERVIN, Acting C. J., CARLTON and ADKINS, JJ., and WILLIS, Circuit Judge, concur.

.“The testimony of an expert or skilled witness may be taken at any time before the trial upon reasonable notice in the manner provided for taking depositions under Rule 1.280 or Rule 1.290 notwithstanding the resident of the witness; provided that the court may, upon proper objection by opposing counsel pursuant to due notice disallow the taking of such deposition and require the attendance of such witness in person at the trial if the court finds that such personal appearance at the trial is necessary to insure a fair and impartial trial. * * * A deposition taken under this rule and any deposition taken of an expert witness under any other rule may be used in any manner permitted by Rule 1.280(d).”

. Haldane v. Hall, 234 So.2d 739, 740 (Fla.App.4th 1970).

. The notice in Bondy stated that “plaintiff will take the deposition of Charles L. Farrington, M.D., by oral examination for purposes of discovery or evidence, or both, pursuant to Florida Rules of Civil Procedure.” Bondy v. West, 219 So.2d 117, 118 (Fla.App.2d 1969).

. Bondy v. West, 219 So.2d 117, 119 (Fla. App.2d 1969).