**GULF LIFE INSURANCE COMPANY v. MARY M. SHELTON, joined by her husband, RUFUS E. SHELTON.**

21 So. (2nd) 39

February 27, 1945

January Term, 1945

Division A

*Hull, Landis, Graham & French* and *John L. Graham,* for for appellant.

*M. S. McGregor,* for appellee.

TERRELL, J.:

On July 15, 1940, Holice E. Shelton of Volusia County, Florida, applied for and secured a policy of insurance from Gulf Life Insurance Company, a Florida corporation. The insured died September 19, 1940. This action was brought by the beneficiary being the mother of the insured to recover under the contract of insurance. This appeal is from a final judgment for the plaintiff.

The policy was one of industrial insurance written without medical examination on representation of the insured as to

condition of his health. The policy contained a provision that it should "not take effect unless on the date of delivery hereof the insured is alive and in sound health." The insurance company contends that the beneficiary should not be permitted to recover because the insured misrepresented the condition of his health at the time he applied for and secured the policy.

The evidence shows that the insured died little more than two months after he secured the policy. The agent of the company testified that he issued and delivered the policy and that the insured was not sick at that time. The mother of the insured testified that he was living with her at the time the policy was issued, that he was a painter and worked every day he had work, that he had some puny spells and came home tired at night but so far as she could tell, he was in fine health.

Dr. E. A. Carter testified by deposition four years after the death of the insured that he called on him ten or twelve times, that his condition was such that he could have died from his heart condition, or a liver condition, but that he thought the immediate cause of death was ulcers of the stomach, that such condition had existed when the policy was issued but he would not say that the insured knew it at that time.

If the diagnosis of the doctor may be clothed with infallibility, we might assume that the insured misrepresented his condition when he applied for the policy but it is common knowledge that errors in diagnosing occur. If the insured did not know that he had stomach ulcers, there was no misrepresentation and he cannot be held to have misrepresented his condition. The doctor stated positively that he may not have known it. In addition to this, there was the testimony of his mother as to his normal condition and the agent who wrote the policy took him to be in normal health.

The duty was on the insurance company to satisfy itself as to the normal health or the insurability of the insured when the contract was made. When it does this and accepts him as a risk, he will not be deemed to have misrepresented his condition except by conclusive proof to that effect. In

this case, the evidence taken as a whole was not conclusive on this point. There were in fact conflicts which devolved on the jury to resolve and in doing so, it was within their province to reject the expert and rely on the lay evidence. When the insurance company relies on misrepresentation to avoid a policy the misrepresentation must be conclusively shown.

There was some basis for the verdict rendered so the judgment is affirmed.

Affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.