103 So.2d 635 (1958)
Jacob CHOMONT, Appellant,
v.
A.C. WARD, Appellee.
Supreme Court of Florida.
April 23, 1958.
Rehearing Denied June 16, 1958.
*636 J.B. Patterson and Ronald B. Sladon, Fort Lauderdale, for appellant.
Fleming, O'Bryan & Fleming and Theodore R. Hainline, Fort Lauderdale, for appellee.
THORNAL, Justice.
Appellant Chomont, who was plaintiff below, seeks reversal of a judgment entered pursuant to a jury verdict in favor of appellee Ward, who was defendant below, in an action for damages allegedly resulting from the negligent operation of an automobile.
The point to determine is whether the jury completely disregarded the evidence in finding for the appellee-defendant and, if so, whether the trial judge committed error in denying appellant-plaintiff's motion for new trial.
Appellant Chomont was parked near a school in Fort Lauderdale awaiting the arrival of his two sons. Appellee Ward backed his automobile out of a driveway on the opposite side of the street. In the backing process the Ward automobile collided with the left front door of the automobile in which Chomont was sitting. It is undisputed that the damage to the Chomont automobile amounted to $34. The real contest is over the personal injuries claimed.
There appears to be no question but that Mr. Ward was guilty of some negligence. Just prior to the accident he had been treated by an eye doctor who had placed some "drops" in his eye. Admittedly, he did not see the Chomont car. Judging from the record there would appear to be no reason why he could not have seen the car if he had exercised due care. Chomont sued, claiming damages for physical injury and property damages to his car. The jury returned a verdict finding Ward not guilty.
In passing we mention that Chomont made no motion for a directed verdict at the close of all of the evidence. He filed a post-trial motion for new trial. This motion was denied and judgment in favor of Ward was entered on the verdict. Reversal of the judgment is here sought.
Appellant contends that the proof of negligence was actually not in dispute. This being so he seeks reversal on the proposition that the jury capriciously failed to award him damages despite the fact that it was admitted that he suffered damages to his automobile to the extent of $34.
*637 Appellee Ward here contends that we should not review the record for the reason that appellant failed to ask for a directed verdict at the close of all of the evidence. He further contends that the testimony of appellant was so completely discredited that the jury was justified in declining to believe it.
We first dispose of the procedural question which is to the effect that we should not now consider the ruling of the trial judge on the motion for a new trial because of the failure of the plaintiff to ask for a directed verdict at the close of all of the evidence. In this connection appellee Ward relies on Lee County Oil Company v. Marshall, Fla.App. 1st Dist. 1957, 98 So.2d 510; and Southwestern Lumber Company v. Roberts, Fla.App. 1st Dist. 1958, 99 So.2d 875. Admittedly the contention of appellee on this proposition is supported by the cited cases decided by the District Court of Appeal. However, this problem was recently presented to this Court and has been determined by us adversely to the position of the appellee. See Ruth v. Sorensen, Fla., 104 So.2d 10. Although the opinion last cited has not yet been published, we there held "that the order of a trial judge denying a motion for new trial on the ground that the verdict of the jury is contrary to the manifest weight of the evidence is reviewable in the appellate courts of this state on an appeal from the final judgment, even though no motion for directed verdict was made by the appellant under Rule 2.7, Fla.Rules Civ.Proc." The reasons for our view are adequately set forth in the case cited and it is unnecessary to delineate them further in this opinion.
We return to a consideration of the points raised by the appellant. It will be recalled that appellant filed a motion for new trial. By this motion the trial court was requested: "(a) To grant him a new trial and limit the issue to be retried to the question of damages only * * *. (b) In the alternative, to grant plaintiff a new trial upon all issues." Appellant Chomont now insists that since he proved negligence and proved property damage to the extent of $34, the jury flaunted the manifest weight of the evidence by finding for the appellee and the trial judge committed error in denying the motion for new trial.
It should be recalled that appellant filed no motion for a directed verdict neither did he ask the trial judge by his motion for a new trial to enter a judgment on the item of property damages only. He asked for a new trial on the matter of all of the damages claimed or in the alternative a new trial upon all of the issues.
On the matter of damages for physical injuries the appellee Ward here contends that the testimony of the appellant was so thoroughly discredited that the jury was justified in disregarding it completely. The rule is well established that the matter of the credibility of witnesses is peculiarly one for jury determination. Seaboard Air Line R. Co. v. Martin, Fla. 1952, 56 So.2d 509. This does not mean that a jury is at liberty to disregard completely testimony which is not open to doubt from any reasonable point of view. 58 Am.Jur., Witnesses, Sec. 864, p. 492.
In the instant case we cannot conclude that the jury was without a reasonable basis in the record for doubting the testimony of the appellant with regard to his alleged physical injuries. The record shows that there were many conflicts between the testimony of appellant given at the trial and the testimony that he gave upon a pre-trial deposition. This is so with regard both to the details of the occurrence as well as to the extent of his physical injuries.
While several doctors testified as to some of the alleged physical injuries it was shown in each instance that the doctors rendered a clinical opinion grounded upon the factual history related by the appellant. This being so, if the jury disbelieved *638 the appellant's story, then his entire claim for damages for physical injuries collapsed. In addition the appellee offered the testimony of two police officers to the effect that immediately after the occurrence the appellant made no complaint whatever as to the presence of physical injuries.
We should not lose sight of the rule that the mere fact of the happening of an accident or even the fact that negligence is shown will not in and of themselves produce a right to recover damages. The party seeking recovery must prove the extent of his injuries and that they were proximately caused by the negligence of his adversary. Two things combine to create the right of action. One is proof of negligence. The other is proof of injury and damage proximately caused by the negligence proved. Warfield v. Hepburn, 62 Fla. 409, 57 So. 618; Stanley v. Powers, 125 Fla. 322, 169 So. 861.
It may be that if we had been sitting in the jury box, we as individuals might have accepted Mr. Chomont's narrative of events including his physical injuries. Under the circumstances reflected by this record, however, we think the jury acted within the orbit of its own authority when it obviously decided not to accept it. We cannot say that they were wrong and we, therefore, cannot hold the trial judge in error for declining to grant a new trial on the motion filed by the appellant.
As to the damage to the automobile, if the matter had been properly presented to the trial judge and therefore properly tendered to us as a matter for disposition, we would be inclined to hold that negligence had been proved and that damages at least to the extent of $34 had been indisputably proved as the result of the negligence. This particular isolated item, however, was not submitted to the trial judge and is therefore not properly here.
Finding as we do that in view of its authority to evaluate the credibility of the witnesses and in view of the fact that the jury had a reasonable basis on which to arrive at its conclusion, we are therefore led to hold that the trial judge committed no error in denying the motion for a new trial and entering the judgment as he did.
The judgment is affirmed.
TERRELL, C.J., and THOMAS and ROBERTS, JJ., concur.
O'CONNELL, J., dissents.