HALL, Jr., W. TROY, Associate Judge..
This is an unusual case in many respects. It came to this court by way of appeal from the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. The case is unusual ini that the defendant in the trial court who-suffered a jury verdict against him seeks to-sustain that verdict on appeal, the plaintiffs in the trial court having moved for and been granted a new trial after the jury had returned a verdict in their favor, but not in an amount to their satisfaction.
A review of the record reveals that this action at law was brought by a husband and wife jointly for personal injuries and property damages resulting from an automobile accident in which they were both involved with the defendant who was the owner and operator of the other vehicle.
The wife claimed damages for past and future physical and mental pain and suffering, permanent injuries and impairment of earning capacity.
The husband claimed damages for past and future physical and mental pain and suffering, permanent injuries, impairment of earning capacity, loss of consortium, expenses resulting from medical care and treatment for himself and his wife and for property damage to his automobile.
The defendant denied the plaintiffs’ allegations of negligence and damages and further claimed an affirmative defense of contributory negligence on the part of the plaintiff husband.
The issues were upon the liability and damage aspects. The circuit judge granted plaintiffs’ motion for summary judgment as *217 ■to liability and permitted the question of ■damage to go to the jury for determination.
The jury was permitted to receive for ■consideration extensive evidence presented for the plaintiffs and the defendant on various aspects of the question of damages.
The plaintiffs endeavored to magnify "their injuries and justify the resulting medical expenses.
The defendant endeavored to minimize ■the alleged injuries of the plaintiffs and ■sought to show that their medical bills were unnecessarily incurred or were unrelated to the accident in question, contending that (1) the plaintiff wife allegedly suffered ■certain ailments which pre-dated the automobile accident of the parties, and (2) her alleged ailments were subjective and exaggerated.
This case was an adversary proceeding, "the jury was permitted and required, under -ample instructions from the able circuit .judge, to consider all of the evidence presented by opposing parties on the various ■aspects of the question of damages, the ■question of liability having already been ■determined by the judge on motion for ■summary judgment.
The plaintiffs had sued for an amount in ■excess of $5,000. (The minimum amount within the jurisdiction of the Circuit ■Court in Dade County. Suits for lesser •amounts being cognizable by the Civil ■Court of Record in Dade County.)
The jury returned verdicts for the plaintiffs, but in amounts considerably less than they desired. (For the wife $412.80 and for the husband $168.) Thereupon, we find the unusual situation of plaintiffs winning the judge’s decision as to liability •and the jury’s verdict for damages, but in ■effect losing the case because the jury did not award sufficient damages to cover the •expense allegedly resulting from their injuries. This may be likened to the case •of the general who won the battle but at such cost he ultimately lost the war.
The plaintiffs in the circuit court moved for a new trial and in due course the circuit court granted the motion for a new trial on the ground that there was no competent evidence in the record of the trial to support the verdict of the jury. And, on its own motion the circuit court then transferred the case to the civil court of record (a court of limited jurisdiction) on the ground that the plaintiffs could not in good conscience seek damages meeting the minimal requirements of the circuit court (to-wit $5,000).
The defendant in the circuit court has appealed that part of the circuit judge’s order granting plaintiffs a new trial. The plaintiffs in the circuit court took no cross-appeal to the order transferring the case to the civil court of record. It does, therefore, appear that the plaintiffs below take no issue with the obvious thought of the circuit judge, i. e., that the plaintiffs were entitled to an amount larger than that awarded by the jury ($412.80 and $168) but less than $5,000, the minimal jurisdictional requirement of the circuit court in Dade County.
The procedural question presented by the record on appeal is whether or not the trial court erred in granting a new trial.
The trial judge specified one ground in his order granting the new trial. “ * * * and the Court having found no competent evidence in the record of the Trial of this cause to support the verdict returned by the Jury, and the Court having further found from the record of this cause that the Plaintiffs cannot in good conscience seek damages in excess of Five Thousand ($5,-000.00) Dollars, * * (F.S. Sec. 59.07, F.S.A. provides that no other grounds other than those specified by the trial Judge shall be considered on appeal.) We are, therefore, confronted with one question, i. e., whether or not the record in this case shows competent evidence to sustain the jury’s verdict. Although there was considerable conflict in the evidence' presented, the jury had the right and duty *218 to consider, estimate and weigh its value, which they did, and we find that the jury had ample evidence before it to justify its verdict.
Accordingly, the trial court’s order granting new trial and transferring cause is reversed.
Reversed.