HORTON, Judge
(dissenting).
I respectfully dissent from the decision and opinion of the majority in this case.
This was a rear end automobile collision which resulted in a suit for personal injuries and damages allegedly resulting therefrom. At the trial, the appellees did *130 not offer any evidence and the court directed a verdict as to liability in favor of the appellants. The case went to the jury upon the question of damages only. I would affirm the judgments appealed.
It is suggested in footnote 2 of the majority opinion that the jury may have become “disenchanted” with the appellants by reason of their testimony on matters not material to the merits of their cause. On depositions, the appellants testified they went through a ceremonial marriage, whereas at the trial, they completely contradicted themselves and testified that they had contracted a common law marriage after the accident. It would seem that the jury became more than “disenchanted” with the appellants. They simply refused to believe their testimony in its entirety in the face of admitted contradictions. This, I believe, the jury had a right to do. Certainly this record, in places, suggests that the appellants and the truth had become estranged if not total strangers.
It would serve no useful purpose to delineate the inconsistencies between the appellants’ testimony at trial and that contained in their depositions. Suffice it to say that there was sufficient evidence before the jury to permit them, in line with the court’s charges on credibility of witnesses, generally and the appellant husband’s in particular, to conclude that some of the appellants’ testimony was not worthy of belief. I believe that the jury properly followed the court’s charges and, under the circumstances, arrived at a just verdict.
Diluted to its substance, the appellants’ argument is that since the appellees’ fault occasioned the accident, the jury, in the absence of any evidence by the appellees, was duty bound to bring back a verdict for all medical expenses incurred, loss of earnings, loss of earning capacity, as well as for pain and suffering, without any regard whatsoever to whether or not the testimony and evidence as to the amount of the expense incurred and the necessity therefor was plausible under the circumstances.
I believe this case should be controlled by the principles contained in Glasser v. Leary, Fla.1953, 67 So.2d 683; Chomont v. Ward, Fla.1958, 103 So.2d 635; and Heymann v. Fusco, Fla.App. 1961, 132 So.2d 216. The only purpose a new trial will serve is to permit another jury to view the evidence. I would affirm the judgments.