148 So.2d 729 (1963)
Elmer Dean BAILEY, Appellant,
v.
Glenn Ray SYMPSON, Appellee.
No. 62-308.
District Court of Appeal of Florida. Third District.
January 22, 1963.
Rehearing Denied February 11, 1963.
*730 Smith, Poole & Pahules and Jesse D. Henry, Miami, for appellant.
Eldon L. Boyce and Fred Patrox, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
PEARSON, TILLMAN, Chief Judge.
Elmer Dean Bailey was the defendant in the trial court to an action brought by Glenn Ray Sympson for personal injuries caused when defendant's car struck the rear of plaintiff's car. The defendant admitted liability and trial was had upon the issue of damages. The plaintiff and his physician were the only witnesses heard. The jury assessed the plaintiff's damages at $620.00. Final judgment in this amount was entered on the jury verdict.
Plaintiff moved for a new trial which the trial judge granted "on grounds 1, 2 and 12 of the grounds set forth in the Plaintiff's Motion for a New Trial." The grounds referred to in the order are as follows: "(1) That the verdict is contrary to the evidence; (2) That the verdict is contrary to law; (12) That the verdict is such as that would shock the conscience of the Court."
The appellant urges that the verdict finds support in the record and that nothing can be accomplished by a new trial except to have another jury pass upon the amount of damages.
We find from our study of the record that the real issue before the jury was the extent and effect of the plaintiff's injury. If the jury had accepted the testimony of the plaintiff and his physician as to the extent and effect of the injury, a much larger judgment would in all probability have been rendered. However, a jury in a personal injury action can properly accept or reject portions of a party's testimony and medical evidence. Chomont v. Ward, Fla. 1958, 103 So.2d 635; Goldstein v. Walters, Fla.App. 1961, 126 So.2d 759. Further, it has not been made to appear that the verdict rendered was the result of bias or prejudice, or that the jury was influenced by anything other than the testimony and the charges of the court. Therefore, we determine that there is nothing in the record to indicate that the verdict is contrary to *731 the evidence or that it is contrary to law.
We turn now to the question of that ground of the motion for a new trial which asserts that the verdict is such that it would shock the conscience of the court. The appellee argues that the trial court's holding that it was shocked by the verdict is unassailable regardless of the record. In this regard it should be noted that the trial judge's order was entered after the publication of the opinion of the Supreme Court of Florida in Bennett v. Jacksonville Expressway Authority, Fla. 1961, 131 So.2d 740, but before the publication of the opinion of the Supreme Court on rehearing granted in Russo v. Clark, Fla. 1962, 147 So.2d 1. Our examination of the record convinces us that the instant case comes clearly within the purview of the Supreme Court's opinion on rehearing in the Russo case, supra, wherein the court held as follows:
"* * * a trial judge's statement that his judicial conscience was shocked by a jury's verdict does not render his order granting a new trial impervious to appellate review and * * * the validity of such conclusion must be weighed in the light of the disclosures of the record."
It is clear that the decision of the trial judge in granting the new trial is entitled to great weight by the reviewing court and should not be lightly overturned. But where, as here, it appears that the trial judge's finding that his judicial conscience was shocked by the jury's verdict is not supported by the record, so that the granting of a new trial in the cause amounts to an abuse of discretion, it is the duty of the appellate court to reverse the order granting a new trial and reinstate the judgment on the verdict. Here the extent of the plaintiff's injuries depended entirely upon subjective evidence, and this evidence in turn depended upon the credibility of the plaintiff as a witness. The jury is the proper arbiter of the credibility of the witnesses. Chomont v. Ward, Fla. 1958, 103 So.2d 635.
We, therefore, hold that the trial judge committed error when he set aside the jury verdict and the order granting the new trial is reversed with directions to reinstate the judgment upon the jury's verdict.
Reversed.