149 So.2d 880 (1963)
John Anthony PULEO, a minor, by his next friend and father, John Joseph Puleo, and John Joseph Puleo, Appellants,
v.
Elizabeth A. SHAW and John C. Shaw, Appellees.
No. D-228.
District Court of Appeal of Florida. First District.
January 31, 1963.
Rehearing Denied March 6, 1963.
Maurice Wagner, Holly Hill, and Richard D. Bertone, Daytona Beach, for appellants.
John L. Graham (of Hull, Landis, Graham & French), DeLand, for appellees.
WIGGINTON, Judge.
Plaintiffs have appealed a final judgment entered upon a jury verdict in an action for damages arising out of a rear end automobile collision which occurred at a street intersection in Daytona Beach. It is contended that the trial court erred in denying plaintiffs' motion for a new trial based upon the principal ground that the verdict is contrary to the manifest weight of the evidence and the justice of the cause.
Plaintiff father was operating his automobile on the streets of Daytona Beach and the plaintiff minor son was riding with him *881 as a passenger in the front seat. After coming to a stop at a street intersection in response to a traffic control sign, plaintiffs' vehicle was struck from the rear by a vehicle owned by defendant John C. Shaw and operated by his wife, defendant Elizabeth A. Shaw. The force of the impact propelled plaintiffs' vehicle forward two car lengths into the intersection.
By their complaint plaintiff minor sought damages for the personal injuries sustained by him as a result of the collision consisting of pain and suffering, diminution of earning capacity, loss of social and recreational activity, interference with schooling, injury to his general health and for medical expenses which would necessarily be incurred after reaching the age of twenty-one years. The father sought damages for the medical expenses necessarily incurred as an incident to his son's injuries, and for loss of his son's services until the latter reaches his majority. To the complaint defendants filed a defense of general denial as to all the material allegations of the complaint.
At the trial plaintiffs introduced evidence which establishes without serious conflict that the collision resulted from the negligent operation of defendants' vehicle by the defendant Elizabeth A. Shaw. Since defendants make no point on this appeal as to the correctness of the jury's verdict finding in favor of plaintiffs on the issue of liability, we pretermit any further discussion of this issue.
With respect to the issue of damages the evidence establishes without substantial conflict that prior to the collision in question the minor plaintiff, a boy thirteen years of age, enjoyed good health and was free from any known physical defects; that he participated in such normal activities as football, basketball and similar sports; and, that he had suffered no previous injury to his head, back or neck. The evidence further shows that prior to the collision he was successful in passing all of his school work, receiving a grade of "A" in the course of physical education. He also assisted his parents from time to time in the operation of their small grocery store.
The testimony reveals without contradiction that the force of the collision caused the minor plaintiff's head to snap backward and then lash forward to the extent that it almost struck the dashboard of the automobile. The boy immediately experienced severe pain in the head, which pain persisted over a period of several days. When customary home treatments failed to alleviate the recurring headaches the boy was sent to his family physician, who, after a cursory examination, recommended that he be examined by an orthopedic surgeon. The services of one Dr. Fred Albee, a local orthopedic surgeon whose qualifications are not in question, were sought for the purpose of making an examination and diagnosis of the boy's condition. Dr. Albee subjected the boy to a complete physical examination. After being informed of the boy's history, the nature of the collision in which he was involved, and the pain which he had subsequently experienced in his head, back and neck, the doctor made certain objective findings which in his opinion validated the subjective symptoms related to him. The doctor testified that he found muscle spasm and induration in the neck and shoulder muscles. His examination revealed a swelling in the left lumbar paravertebral muscles and expressed the opinion that the blinking and watering of the boy's eyes was a reflex nervous condition resulting from injury to the cervical region. The doctor diagnosed the boy's condition as a sprain of the cervical spine with cervical syndrome, and prescribed physical therapy in order to effect a cure of the condition. Several weeks later the boy complained of a tenderness in the left shoulder girdle and an examination by Dr. Albee revealed a loss of normal cervical lordosis which in his opinion indicated that the muscles on each of the spine were in spasm. Some six months later the boy developed pain in the left *882 shoulder and neck which, upon further examination by Dr. Albee, was diagnosed as a recurrence of the initial injury, a condition usually to be expected in cases of this nature. Some months later the boy again complained to the doctor of headaches in the occipital region, and some soreness in the neck. In an effort to determine whether there was any pathology, the doctor made a further examination and found some tightness in the cervical paravertebral muscles and opined that the tenderness to palpation under the upper dorsal paravertebral of which the boy complained was consistent with the headaches from which he said he was suffering. Plaintiff's evidence further tended to establish that although subsequent to his initial injury the boy attempted to continue participating in various sports involving physical exertion, he found that each time he did so his headaches would recur. As a result, his interest and ability to participate in games and other forms of physical activity greatly diminished. During the onset of such recurring headaches he was unable to study or concentrate on his schoolwork which resulted in his failing several subjects during the school year subsequent to his injury. His grade in physical education dropped to "D", and he was no longer physically able to assist his parents in the operation of their store. The medical expenses incurred by plaintiff father as a result of the boy's injuries were proved without contest.
Defendant offered no medical evidence to dispute the findings and diagnosis of plaintiffs' expert medical witness. Their proof consisted principally of testimony by teenage friends of the minor plaintiff who said they were not aware that the boy had been involved in an accident, nor did they observe any change in his physical appearance or activity subsequent to the date of the collision. They testified that they had seen him playing basketball and baseball and engaging in other activities. They also had observed him riding on a motor scooter during the period he contended he was suffering from the injuries sustained in the collision. It was established that subsequent to his injury the boy sprained his shoulder and neck playing touch football, and on one occasion fell from the back of the motor scooter, lacerating his hand. He admitted driving an automobile and riding a bicycle and going on an overnight camping trip with friends. During the period following his injury he also became a member of the Civil Air Patrol and the Junior Deputy organization, each of which memberships he later terminated.
Defendants also produced as a witness minor plaintiff's school teacher who testified that in her opinion the boy's poor school work was due to a lack of interest rather than any physical disability suffered as a result of his injury.
Based upon the foregoing evidence the jury returned a verdict in favor of the plaintiffs and against each of the defendants, but refused to assess damages in any amount in favor of either the plaintiff minor or his father. It is from the judgment entered upon this verdict that this appeal is taken.
It is plaintiffs' position that the verdict should have been set aside and a new trial granted on the issue of damages for the reason that it is contrary to the manifest weight of the evidence and justice of the cause. With this contention we are impelled to agree.
The medical evidence adduced by plaintiff is wholly sufficient to establish the injury suffered by the minor plaintiff as a result of defendant's negligent operation of their automobile. Although the medical expert relied upon the statements of both the father and the son in determining that there had been an automobile collision, and that the boy had experienced pain and suffering as a result thereof, the doctor's physical examination revealed objective findings which were wholly consistent with the type of injury suffered and the subjective complaints related *883 to him by the parties. It was the doctor's medical opinion that the minor boy had suffered what is commonly known as a whiplash injury, which is of a type not readily detectible from casual observation and which, as in this case, is not totally disabling. This proof was uncontradicted by any other medical testimony. It appears to be generally accepted that where injuries are of such a character as to require skilled professional persons to determine the nature, extent and duration thereof, and the proper procedures for treatment, the question is one of science and must be determined by skilled professional persons.[1] Testimony thus adduced may not be arbitrarily disregarded by the finders of fact when not contradicted by proof of equal dignity, nor open to doubt from any reasonable point of view.[2] It is noted that except for the testimony of the boy's school teacher, the evidence adduced by defendants as to the boy's physical activities subsequent to the collision is not in conflict with the testimony offered by the plaintiffs in proof of their case in chief.
The only probative value which the jury could have attributed to defendants' evidence went to the extent and duration of the pain which the boy claimed he suffered, and the disabling effect, if any, the injury had on his ability to enjoy a condition of health commensurate with that which he had enjoyed prior to the collision. These were questions which the jury could properly decide upon the evidence before it, and if the damages claimed by plaintiff were confined to these elements alone, we would not feel justified in disturbing the verdict. The jury was not, however, justified on the evidence before it in finding that plaintiffs were not entitled to recover at least the amount of medical expenses incurred as a result of the injury suffered by the minor son.
For the foregoing reasons it is our view that the verdict is contrary to the manifest weight of evidence as related to the issue of damages. The judgment appealed is accordingly reversed and the cause remanded with directions that a new trial be granted only on the issue of damages.
CARROLL, DONALD, C.J., and RAWLS, J., concur.
NOTES
[1] Crovella v. Cochrane, (Fla.App. 1958) 102 So.2d 307.
[2] Chomont v. Ward, (Fla. 1958) 103 So.2d 635.