PER CURIAM.
Plaintiff has appealed from a final judgment entered upon a jury verdict which awarded her damages in the sum of $250.00. By her sole point on appeal it is contended that the trial court abused its discretion in denying appellant’s motion for a new trial on the ground that the verdict is inadequate and contrary to the manifest weight of the evidence and justice of the cause.
Appellant, while riding as a passenger in a motor vehicle driven by her husband, was injured as a result of the negligent operation of appellee’s vehicle. As a direct result of the collision appellant received abrasions about her face and head, and a fracture of the fifth metatarsal bone above the little toe on the side of the left foot. She was incapacitated for a period of several weeks, during which she suffered pain from the injuries she had received. A laceration above her left eye healed leaving a scar which plaintiff asserts disfigures her to such an extent as to cause severe embarrassment and humiliation.
A qualified jury acceptable to both parties had the benefit of hearing and observing the witnesses who testified, and of making a visual examination of the scar on appellant’s face which resulted from the injuries she sustained. The jury placed a value on plaintiff’s damages in the sum of $250.00. An experienced trial judge who likewise had the opportunity of observing the witnesses and hearing their testimony *64 refused to set the verdict aside. It must be conceded that appellant’s evidence was such that a larger verdict would have been justified had the jury completely agreed with appellant as to the extent and effect of the injuries which she suffered.
In the recent case of Bailey v. Sympson,[1] plaintiff sued for damages resulting from personal injuries sustained as a result of the negligent operation of defendant’s motor vehicle. Defendant admitted liability and the only issue submitted to the jury was that of damages. The jury returned a verdict in favor of plaintiff in the sum of $620.00, which verdict was set aside and new trial granted on the ground that the verdict was contrary to the law and evidence, and was such as to shock the conscience of the court. In reversing the order granting a new trial and directing that judgment be entered on the verdict rendered by the jury, the Third District Court of Appeal said:
“We find from our study of the record that the real issue before the jury was the extent and effect of the plaintiff’s injury. If the jury had accepted the testimony of the plaintiff and his physician as to the extent and effect of the injury, a much larger judgment would in all probability have been rendered. However, a jury in a personal injury action can properly accept or reject portions of a party’s testimony and medical evidence. Chomont v. Ward, Fla.1958, 103 So.2d 635; Goldstein v. Walters, Fla.App.1961, 126 So.2d 759. Further, it has not been made to appear that the verdict rendered was the result of bias or prejudice, or that the jury was influenced by anything other than the testimony and the charges of the court. Therefore, we determine that there is nothing in the record to indicate that the verdict is contrary to the evidence or that it is contrary to law.”
Our review of the record fails to clearly demonstrate that the trial judge abused his discretion in denying appellant’s motion for a new trial on the grounds urged.[2] The judgment appealed is accordingly affirmed.
WIGGINTON, Acting C. J., RAWLS, J., and McLANE, Associate Judge, concur.

. Bailey v. Sympson, Fla.App., 148 So. 2d 729.

. Goldstein v. Walters, Fla.App.1961, 126 So.2d 759; Weiss v. Goldman, Fla.App. 1960, 120 So.2d 812; Chomont v. Ward, Fla.1958, 103 So.2d 635.