159 So.2d 641 (1964)
Elizabeth A. SHAW and John C. Shaw, Petitioners,
v.
John Anthony PULEO, a minor, by his next friend and father, John Joseph Puleo, and John Joseph Puleo, Respondents.
No. 32717.
Supreme Court of Florida.
January 8, 1964.
*642 John L. Graham, of Hull, Landis, Graham & French, DeLand, for petitioners.
Maurice Wagner, Holly Hill, and Richard D. Bertone, Daytona Beach, for respondents.
TERRELL, Justice.
This cause is here on petition for certiorari filed by Elizabeth A. and John C. Shaw seeking review of the decision of the First District Court of Appeal in the case of Puleo v. Shaw, 149 So.2d 880.
The case grew out of a rear end collision wherein petitioners' automobile struck an automobile owned by respondent John Joseph Puleo causing injuries to one of its passengers, John Anthony Puleo, a minor. By their complaint respondent minor sought damages for personal injuries sustained as a result of the accident and his father sought damages for the medical expenses necessarily incurred as incident to his son's injuries and for loss of his son's services. At the trial respondents introduced evidence which established the liability of petitioners. With respect to the issue of damages the evidence showed that respondent minor, a boy 13 years old, led an active life and enjoyed good health prior to the accident.
The jury returned a verdict in favor of the respondents as to liability but stripped it of damages. The trial court denied plaintiffs' motion for new trial. On appeal the district court reversed the cause and remanded it with directions that a new trial be granted on the issue of damages only. In doing so, the district court said in part:
"* * * It was the doctor's medical opinion that the minor boy had suffered what is commonly known as a whiplash injury, which is of a type not readily detectible from casual observation and which, as in this case, is not totally disabling. This proof was uncontradicted by any other medical testimony. It appears to be generally accepted that where injuries are of such a character as to require skilled professional persons to determine the nature, extent and duration thereof, and the proper procedures for treatment, the question is one of science and must be determined by skilled professional persons. [Crovella v. Cochrane, (Fla.App. 1958) 102 So.2d 307.] Testimony thus adduced may not be arbitrarily disregarded by the finders of fact when not contradicted by proof of equal dignity, nor open to doubt from any reasonable point of view. [Chomont v. Ward, (Fla. 1958), 103 So.2d 635]
* * *
"The jury was not, however, justified on the evidence before it in finding that plaintiffs were not entitled to recover at least the amount of medical expenses incurred as a result of the injury suffered by the minor son.
"For the foregoing reasons it is our view that the verdict is contrary to the manifest weight of evidence as related to the issue of damages." (E.S.)
Petitioners contend that the instant decision is in direct conflict with at least six prior decisions of the appellate courts of this state.
Before proceeding further, it is appropriate to correct a misconception on *643 the part of the petitioners relating to this court's direct conflict jurisdiction. Art. V, Sec. 4, Florida Constitution, F.S.A., provides that "The supreme court may review by certiorari any decision of a district court of appeal * * * that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law, * * *." (E.S.) In their effort to show such "direct conflict," petitioners rely on the cases of Ingle v. Cochrane, (Fla. DCA 1st, 1963) 151 So.2d 63, and Crovella v. Cochrane, (Fla. DCA 1st, 1958) 102 So.2d 307, as being in direct conflict with the present decision of the District Court of Appeal, First District. Even if, for the sake of argument, we conceded that the above cases were in fact inconsistent with each other and would under our jurisdictional precedents normally generate direct conflict, it is clear that such inconsistency or conflict would not support this court's exercise of jurisdiction by certiorari. Our conflict jurisdiction is constitutionally limited to cases wherein the decision of the district court sought to be reviewed conflicts with a decision of "another" district court or the Supreme Court. Conflicts between two or more decisions of the same district court of appeal cannot activate this phase of our constitutional power of review by certiorari.
As to the remaining cases cited by the petitioners as being in direct conflict with the instant decision of the district court, we must conclude that such conflict is not shown and therefore, under normal circumstances we would not have jurisdiction. However, during the consideration of this cause, a petition for writ of certiorari was filed in the case of Schmidt v. Tracey, (Fla. DCA 2nd, 1963) 150 So.2d 275. Said petition alleged that the Schmidt case was in direct conflict with the First District Court of Appeal decision in the instant case. With this contention we agree. The Schmidt case involved an automobile negligence action wherein the district court held that although the damages awarded were less than the amount claimed as medical expenses by the plaintiff, they were not so inadequate as to be unreasonable in view of the question as to what portion of the medical expenses was necessarily incurred as a result of the injury and the reasonableness of said expenses. Such a holding by the Second District Court of Appeal in a case involving substantially the same controlling facts is in direct conflict with the First District Court's decision in the instant case wherein the said court reversed, admonishing that upon remand the jury should award "at least the amount of medical expense" incurred as a result of the injury suffered by respondent's minor son.
Jurisdiction being clear, we now turn to a consideration of the district court's decision in the instant case. Of most immediate concern is the district court's application of the rule of evidence described in the medical malpractice case of Crovella v. Cochrane, (Fla. DCA 1st, 1958) 102 So.2d 307, to the instant personal injury case. In the Crovella case the plaintiff sought damages for personal injuries allegedly resulting from defendant obstetrician's negligence in failing to correctly diagnose and treat plaintiff for an alleged pregnancy. In affirming a summary judgment granted in favor of the defendant, the District Court of Appeal, First District, stated in part:
"As to the first ground of assault on the affidavit, the overwhelming weight of authority supports the view that except to the extent that the physical condition of a person is open to ordinary observation by persons of common experience, the testimony of one who is qualified in the field of medical knowledge must be adduced to inform the jurors of the proper procedures for diagnosing and treating the particular case. Millar v. Tropical Gables Corp., Fla. [App.], 99 So.2d 589; Howell v. Jackson, 65 Ga. App. 422, 16 S.E.2d 45. * * *" (E.S.)
While we agree that jurors and the courts ordinarily are not qualified to determine the "proper procedures for diagnosing *644 and treating" a particular human ailment in a malpractice case, this does not mean that a jury is not free, in the ordinary negligence case, to accept or reject the testimony of a medical expert just as it may accept or reject that of any other expert. See Bailey v. Sympson, (Fla. DCA 3rd, 1963) 148 So.2d 729; Ingle v. Cochran, (Fla. DCA 1st, 1963) 151 So.2d 63, and Goldstein v. Walters, (Fla. DCA 2nd, 1961) 126 So.2d 759. This is especially true when the facts sought to be proved by expert testimony are within the ordinary experience of the members of the jury. In such cases the conclusions to be drawn from such facts will be left to the jury. Mills v. Redwing Carriers, Inc., (Fla. DCA 2nd, 1961) 127 So.2d 453.
A like situation exists when the opinion of the expert is based upon hypothetical questions. If the jury should find that the facts on which the hypothesis or theory is based are not proved, the answers of the experts would necessarily fall with the hypothesis. Millar v. Tropical Gables Corp., (Fla. DCA 3rd, 1958) 99 So.2d 589; Chomont v. Ward, Fla. 1958, 103 So.2d 635. So, too, where there are in fact conflicts which arise in testimony given during the trial, it is the function of the jury to resolve them and it is within their province to reject the expert testimony and rely on lay evidence. Gulf Life Insurance Co. v. Shelton, 155 Fla. 586, 21 So.2d 39.
For these reasons we must reiterate that even though the facts testified to by Dr. Albee were not within the ordinary experience of the members of the jury, the jury was still free to determine their credibility and to decide the weight to be ascribed to them in the face of conflicting lay evidence.
The second issue for our consideration revolves around the district court's holding that "The jury was not, however, justified on the evidence before it in finding that plaintiffs were not entitled to recover at least the amount of medical expenses * * *." (E.S.) The question of adequacy or inadequacy of damages is governed by this court's decision in Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376, wherein we said:
"It has been held that under the old common law rule, a motion for new trial for inadequacy of damages should not be granted but the general rule now seems to be that a verdict for grossly inadequate damages stands on the same ground as a verdict for excessive or extravagant damages and that a new trial may as readily be granted in the one case as the other. Such verdicts will not be set aside for the mere reason that they are less than the Court thinks they should be. It must be shown that the verdict was induced by prejudice or passion, some misconception of the law or the evidence or it must be shown that the jury did not consider all the elements of damage involved, missed a consideration of the issues submitted or failed to discharge their duty as given them by the Court's charge. 20 R.C.L. 283."
To same effect see Allen v. Powell, 152 Fla. 443, 12 So.2d 378.
In reviewing a jury verdict in a case wherein the trial court has denied a motion for new trial alleging inadequacy of damages, an appellate court is bound to remember that the test of inadequacy of a verdict is not what the reviewing court would have decided had it tried the case, but whether it can be said that the jurors as reasonable men could not have found the verdict they did. Utley v. Southern Metal Products Co., (Fla. DCA 2nd, 1959) 116 So.2d 28. Thus, it should be kept in mind that the mere happening of an accident or even the fact that negligence is shown will not in and of itself produce a right to recover damages. Chomont v. Ward, supra. Among the items which the party seeking to recover must prove, even when liability is clear, is the necessity and reasonableness of the charges for medical attendance and treatment. Schmidt v. Tracey, supra.
*645 Since the rules governing adequacy of damages are clear, we are confident that the learned appellate judge by his comments did not intend upon reversal to relieve the respondents from the burden of proving their damages or to preclude the jury from inquiring into the reasonableness and necessity of respondents' medical expenses.
For the reasons above stated, the decision of the court of appeal in the instant case must be quashed and the case remanded to it for further proceedings consistent with the opinions expressed herein.
It is so ordered.
ROBERTS, Acting Chief Justice, O'CONNELL, CALDWELL and SEBRING (Retired), JJ., concur.