163 So.2d 300 (1964)
Osmond Robert BELL, Jr., Appellant,
v.
John H. TARVIN, Appellee.
No. E-323.
District Court of Appeal of Florida. First District.
April 21, 1964.
Cox, Grissett, MacLean & Webb, Jacksonville, for appellant.
Dawson, Galant, Maddox & Sulik, Jacksonville, for appellee.
STURGIS, Chief Judge.
This is an appeal from an order granting plaintiff-appellee's motion for new trial.
*301 As the result of a collision between his automobile and one negligently driven by the defendant-appellant, plaintiff sought damages for permanent injuries to his person, pain and suffering, medical expenses and lost wages, and property damage.
The uncontradicted evidence is to the effect that plaintiff suffered $1,325.58 damages for medical expenses, damages to his automobile, and loss of wages. The jury awarded a total of $2,500.00 damages. The grounds upon which the trial judge granted plaintiff's motion for new trial are: (1) That in view of the undisputed evidence the verdict is so inadequate as to shock the conscience of the court. (2) That in view of the uncontradicted evidence it is obvious that the jury was swayed by prejudice or by other matters outside the record or that the jurors ignored or failed to consider the court's instructions on the matter of damages. (3) That in view of the fact that the uncontradicted evidence disclosed that plaintiff sustained substantial injuries, the court felt it committed error which may have influenced the jury in arriving at its verdict by using the words "if any" in charging the jury regarding plaintiff's injuries. The sole question on appeal is whether or not the court erred in granting a new trial.
While an order granting a new trial will not be lightly overturned (Russo v. Clark, 147 So.2d 1 [Fla. 1962]), a new trial should not be granted unless it is reasonably clear that substantial rights have been violated to the extent that a fair trial was not had. Warner v. Goding, 91 Fla. 260, 107 So. 406 (1926). In Cobb v. Brew, Fla.App., 155 So.2d 814 (1963), this court followed Russo v. Clark, supra, in holding that it is an abuse of discretion to grant a new trial where the verdict finds ample support in the record, no illegal evidence is shown to have gone to the jury, and all that is to be accomplished is to have another jury try the cause.
The plaintiff received in excess of $1,000.00 over the total special damages submitted in evidence. The evidence is undisputed that he had a pre-existing injury and an advanced arthritic condition, which it was proper for the jury to consider in determining the damages to be awarded for bodily injuries, pain and suffering. A medical expert who testified for plaintiff expressed the uncontradicted opinion that plaintiff suffered a rupture of the interarticular fibrocartilage of the knee.
The matter of the credibility of witnesses is peculiarly for the jury to determine. Chomont v. Ward, 103 So.2d 635 (Fla. 1958); Seaboard Air Line Railroad Company v. Martin, 56 So.2d 509 (Fla. 1952).
In Bailey v. Sympson, 148 So.2d 729 (Fla.App. 1963), the jury awarded $620.00 damages and the trial court granted a new trial on the grounds that the verdict was contrary to the evidence, was contrary to the law, and was such as to shock the conscience of the court. On the appeal it was noted that one of the issues before the jury was the extent and effect of plaintiff's injuries. The same issue is involved on the instant appeal. In that case the appellate court said, and we agree:
"If the jury had accepted the testimony of the plaintiff and his physician as to the extent and effect of the injury, a much larger judgment would in all probability have been rendered. * * * it has not been made to appear that the verdict rendered was the result of bias or prejudice, or that the jury was influenced by anything other than the testimony and the charges of the court. * * *"
In Ingle v. Cochran, 151 So.2d 63 (Fla. 1963), this court upheld a verdict of $250.00 in a case where the plaintiff suffered abrasions about her face and head, a fracture of the fifth metatarsal bone above the little toe on the left foot, and a laceration above her left eye which left a disfiguring scar, and there was evidence she had been incapacitated for a period of several weeks and had suffered pain from her injuries.
*302 In Freeman v. Bandlow, 143 So.2d 547 (Fla.App. 1962), a verdict for $280.00, the exact amount of a doctor's bill, was upheld in a case where the plaintiff was a passenger on a bus that was struck from behind. The court said:
"Contrary inferences of fact could have been drawn in the instant case; but we cannot say with requisite assurance that the jury clearly labored under misconception of the law and the evidence or failed to consider the extent of plaintiff's actual injury and the elements of damages involved."
In Heymann v. Fusco, 132 So.2d 216 (Fla.App. 1961), cert. den. Fla., 139 So.2d 688, our Third District Court of Appeal set aside an order granting a new trial in an action where there was a jury verdict of $412.80 for the wife and $168.00 for the husband, saying:
"Although there was considerable conflict in the evidence presented, the jury had the right and duty to consider, estimate and weigh its value, which they did, and we find that the jury had ample evidence before it to justify its verdict."
The third ground on which the trial court granted a new trial is stated thus:
"* * * this Court feels that it committed error which may have influenced the jury in arriving at their verdict by using the words `if any' while charging the jury regarding the Plaintiff's injuries, in view of the fact that the uncontradicted evidence was that the Plaintiff sustained substantial injuries."
We find nothing prejudicial in the subject charge.
The fact that the jury returned a verdict which included damages for personal injuries refutes the "fear" of the trial judge that the words "if any", as used in the charge, influenced the jury verdict to plaintiff's detriment. While the evidence conclusively established that the plaintiff suffered some bodily injuries as a result of the accident, the extent thereof and damages to be awarded therefor were matters exclusively within the province of the jury to determine in the light of all the facts and circumstances and the weight and credibility given to the testimony of the witnesses. The statement that "Plaintiff sustained substantial injuries" bears the inference, of course, that the judge of the trial court considered the jury verdict inadequate. So might we if sitting in his place, but the fact remains that the jury decided otherwise. The question also occurs, "How big is substantial?" and in that connection the further question, "Is the award of $1000.00-plus for personal injuries herein substantial?" A careful review of the record fails to disclose any competent basis upon which it can be said with reasonable certainty that the damages awarded herein for personal injuries are so inadequate as to compel the conclusion that the jury was swayed by passion or prejudice or that its verdict results from an erroneous application of law or fact.
We are not unmindful of the rule in Cloud v. Fallis, 110 So.2d 669 (Fla. 1959), as modified and explained by subsequent decisions; and we are aware that Bennett v. Jacksonville Expressway Authority, 131 So.2d 740 (Fla. 1961), as modified and explained in the opinion on rehearing rendered in Russo v. Clark, 147 So.2d 1 (Fla. 1962), holds that on an appeal questioning the award of a new trial the trial judge is accorded a broad discretion. However, as cogently expressed by the Florida Appellate Court in Bailey v. Sympson, supra, the "* * * trial judge's statement that his judicial conscience was shocked by a jury's verdict does not render his order granting a new trial impervious to appellate review and * * * the validity of such conclusion must be weighed *303 in the light of the disclosures of the record."
The order granting a new trial herein is vacated and this cause is remanded for proceedings consistent herewith.
WIGGINTON and RAWLS, JJ., concur.