166 So.2d 678 (1964)
Lizzie Mae WHITE, Appellant,
v.
McKinley William BACON, Appellee.
No. F-155.
District Court of Appeal of Florida. First District.
July 28, 1964.
Sack & Sack, Jacksonville, for appellant.
Mathews, Osborne & Ehrlich, and Marion R. Shepherd, Jacksonville, for appellee.
WILLIS, BEN C., Associate Judge.
Plaintiff-appellant recovered a judgment in the sum of $1,000 in a personal injury action arising out an intersection automobile collision. Deeming the award inadequate as a matter of law, she moved for a new trial which was denied. She takes this appeal, *679 stating the following as the sole question:
"Where uncontradicted testimony shows plaintiff suffered special damages of $1,127.10 and injuries, pain and disability for over three months, does record demonstrate that jury labored under some misconception of the law or evidence, or did not consider all the elements of damage involved, missed a consideration of the issues submitted or failed to discharge their duty as given them by the court's charge, requiring verdict of $1,000 to be set aside as grossly inadequate and granting of new trial?" (Emphasis supplied)
The question accurately presents the test to be applied in determining if a verdict is to be set aside because of inadequacy of damages. The emphasized portion of the stated question above sets forth the elements to be considered. Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376; Shaw v. Puleo, (Fla.) 159 So.2d 641.
The Shaw case, supra, also prescribes the scope of our review in a case of this kind:
"In reviewing a jury verdict in a case wherein the trial court has denied a motion for new trial alleging inadequacy of damages, an appellate court is bound to remember that the test of inadequacy of a verdict is not what the reviewing court would have decided had it tried the case, but whether it can be said that the jurors as reasonable men could not have found the verdict they did."
In denying the motion for new trial, the trial judge stated in his order:
"Had the jury believed all of the testimony of the plaintiff and her witnesses they, in all probability, would have awarded her substantially more than $1,000. However, the jury was entitled to take into account the collision, the nature of the injury, the physical appearing of the plaintiff at the trial, and many other things weighing the evidence.
"It is my view that there is as much justification for concluding that the jury found that the plaintiff attempted to make a `mountain out of a molehill' as there is in saying that the verdict was based upon some misconception of the law or the evidence."
The evidence shows that the defendant's car struck the car which plaintiff was driving in a street intersection when each had proceeded into the intersection after having come to a complete stop before entering. Each driver claims not to have seen the other. As the plaintiff had the right of way under a city ordinance which requires a yield to the vehicle on the right the jury apparently concluded the defendant to have been negligent in causing the collision.
From these facts the jury could infer that the actual impact of the cars was light. There was also evidence that the damage to defendant's vehicle was not substantial. No testimony was given as to the damage to the other vehicle. The injuries sustained by the plaintiff in the accident involved no fractures, dislocations, subluxations, or other bone or joint abnormalities. Though the medical evidence is based to some extent on objective findings, such as muscle spasm and an extensive visible bruise, much of it is dependent upon plaintiff's subjective symptoms and her history and condition as reported by her to the physician.
The trial judge was of the apparent view that the jury would have been justified in concluding that plaintiff's account of her pains, disability, and necessary medical attentions were greatly exaggerated.
The evidence showed plaintiff incurred medical and drug bills totalling $477.10. The plaintiff testified that she is a practical nurse, doing private duty in homes, and that she had made appointments which, at the $1,000 per day rate she receives, would *680 have yielded her $650.00 during the period she was disabled. It was not contradicted or questioned that plaintiff incurred the medical and drug bills or that she had the appointments which would have yielded sixty-five days of employment as a practical nurse during the period she claims to have been incapacitated. The deficit of $127.10 in the verdict for the special damages shown is claimed to demonstrate that the jury failed to properly perform its duty.
If the jurors concluded that plaintiff's pain and her disability to perform the duties of her profession were greatly exaggerated, then they could infer that all the medical expenses she incurred were not reasonably necessary and recoverable. Likewise they could infer that all of the loss of earnings was not the proximate result of actual disability produced by the accident. The trial judge concluded that the verdict was properly reached and he had the advantage of observing the witnesses, including the plaintiff, which we do not have. On the record before this Court, it has not been clearly established that reasonable men could not have found the verdict rendered.
We have examined the authorities cited by the appellants in which the trial court has been reversed because of inadequacy of damages. Sorg v. Royal, Fla., 41 So.2d 317; Scott v. Andrews, Fla.App., 140 So.2d 128 (one dissent); Holland v. Hale, Fla.App., 145 So.2d 552; Duquette v. Hindman, 152 So.2d 789; Smith v. City of Miami, Fla.App., 153 So.2d 62; Hatchell v. Hayes, 157 So.2d 855. We have also examined the other cases which the parties have cited in which verdicts, some very similar to the case sub judice, have been upheld. Goldstein v. Walters, 126 So.2d 759; Bailey v. Sympson, Fla.App., 148 So.2d 729; Ingle v. Cochran, 151 So.2d 63; Schmidt v. Tracey, Fla.App., 150 So.2d 275. It appears that Shaw v. Puleo, supra, is the latest expression on this subject and the rulings in that case are fully consistent with the conclusions reached here, though the facts in the two cases are different in many respects. Each case must be considered in the light of its own peculiar facts from which shall be determined whether or not reasonable men could reach the verdict rendered. In this case we agree with the trial court that they could.
The judgment is
Affirmed.
STURGIS, C.J., and RAWLS, J., concur.