PER CURIAM.
Appellant Administrator instituted this action for the wrongful death of his minor son. The jury returned a favorable verdict for the Administrator but assessed his damages as “None,” hence this appeal from the final judgment which we affirm.
The sole point on appeal posed by Appellant is: The Court erred in refusing to grant Plaintiff’s motion for new trial following the jury verdict of “None.”
The decedent was a fifteen year old boy who was killed in a bicycle-automobile accident. The trial judge granted Plaintiff’s motion for summary judgment on the issue of liability, and trial was had on the issue of damages only — that is, recovery for decedent’s future estate.
*14 The proof as to decedent’s likelihood of accumulating' a future estate was conflicting. Plaintiff submitted all of the evidence. Favorable testimony reflected that decedent possessed an exceptionally high I.Q.; his mechanical aptitude was good; and he had earned an average of $30.00 per week in his spare time repairing hi-fis, radios and television sets. Testimony which supports the verdict revealed that decedent’s grades in school were below average (C’s and D’s with a scattering of E’s); he lacked emotional control; his father did not cooperate with his teachers; he had a severe visual disability; and his school work was not up to his ability.
In short, the trier of fact was confronted with testimony which would have supported an award of damages, or which supports their verdict of no damages.
The question presented here is analogous to that in Puleo v. Shaw, 149 So.2d 880 (Fla.App. 1st, 1963), and Shaw v. Puleo, 159 So.2d 641 (Fla.1964). There the jury returned a verdict in favor of an injured minor but stripped him of damages. The trial court denied a new trial. This court reversed holding that: “The jury was not, however, justified on the evidence before it in finding that plaintiffs were not entitled to recover at least the amount of medical expenses incurred as a result of the injury suffered by the minor son.” The Supreme Court in reversing our decision adopted a statement from Chomont v. Ward, 103 So.2d 635 (Fla.1958), the pertinent part being:
“[Thus, it should be kept in mind that] the mere fact of the happening of an accident or even the fact that negligence is shown will not in and of itself produce a right to recover damages.”
We cannot hold as a matter of law, upon this record, that the decedent would have accumulated an estate of any value or that he was entitled to nominal damages.
Affirmed.
RAWLS, C. J., and JOHNSON and SACK, JJ., concur.