217 So.2d 854 (1969)
Bruce ANASTASIO, a Minor, by and through Jane Anastasio, His Mother and Next Friend, and Jane Anastasio, Individually, Appellants,
v.
Mary SUMMERSETT, Appellee.
No. 1588.
District Court of Appeal of Florida. Fourth District.
January 13, 1969.
Rehearing Denied February 11, 1969.
Joe N. Unger, Miami, for appellants.
Edward A. Perse of Carey, Dwyer, Austin, Cole & Selwood, Miami, for appellee.
OWEN, Judge.
Bruce Anastasio, 16-year-old schoolboy, sustained personal injuries as a result of an intersectional collision between the motor scooter he was operating and an automobile operated by the defendant. Bruce's mother filed suit on behalf of Bruce and in her own right. A jury trial resulted in a verdict of $1,000.00 in favor of the minor plaintiff and $1,000.00 in favor of his mother. Plaintiffs, feeling that the amount awarded in the verdict was inadequate, sought a new trial on this ground. The trial court denied the motion and entered final judgment for plaintiffs based on the verdict.
The sole point involved in this appeal is whether the trial court erred in failing to grant the minor plaintiff a new trial. We hold that it did.
On well established principles we must view the evidence most favorably to the defendant as the successful litigant below.[1] We have therefore eliminated from our consideration any matters upon which *855 there was any material dispute and those matters which depended solely upon subjective complaints of the minor plaintiff.
As a result of the collision Bruce Anastasio was thrown from his motor scooter to the pavement, sustaining superficial injuries about his face and head. Rendered temporarily unconscious, he was removed by ambulance and in the hospital emergency room it was determined that he had sustained a comminuted fracture of the medial condyle of the right knee extending into the joint. There was marked distention of the knee and 100 c.c.'s of whole blood was aspirated. A closed reduction was performed and the right leg was placed in a cast extending from the toes to the upper thigh. Bruce was in the hospital for twelve days. The first eight of these he was in marked pain with elevated temperatures, the pain and temperature both being alleviated when the cast was temporarily removed and the knee again aspirated by the withdrawal of 110 c.c.'s of blood. The plaintiff was again placed in the cast in which he remained for approximately five additional weeks. The cast permitted only lying down or standing up and was so heavy Bruce's mother had to lift it every time he got up. After the cast was removed Bruce underwent a course of painful rehabilitation exercises extending over several weeks. At the time of the trial, approximately eight months after the accident, he had noticeable atrophy of the injured leg and limited flexion of the injured knee which restricted bending, running, or engaging in athletic activities. The treating physician and the court-appointed physician, both of whom were orthopedic surgeons, each testified that Bruce would have permanent disability from the injury, the least amount of that disability being rated as 10% of the leg.
The verdict for the mother, which included medical expenses and the loss of her son's earnings, is not involved on this appeal. The damage to the motor scooter, which was owned by Bruce, was shown to be $100.00. It is therefore apparent that the jury awarded Bruce a total of $900.00 for the personal injuries which he sustained, the mental and physical pain and suffering which he endured, and the undisputed permanent disability of the lower extremity which he will have for the remainder of his life.
We find that the amount of the verdict for the minor plaintiff is so grossly inadequate as to shock the conscience of the Court.[2] Our finding of inadequacy of this verdict is not based upon what this court would have decided had it tried the case, but rather our finding that the jurors as reasonable men could not have found the verdict they did.[3]
Had there been any basis in the evidence upon which the jury could have reasonably concluded that plaintiff was not in fact injured,[4] or that plaintiff's injuries were from another accident or a pre-existing cause,[5] or that plaintiff's proof of his alleged injuries was not believable either because it was grounded upon his subjective complaints[6] or because it was based *856 upon medical testimony which was disputed,[7] then in any of those events we certainly would not say that the jurors as reasonable men could not have found the verdict they did. But here the evidence was without dispute that the minor plaintiff was in fact injured as a result of the accident out of which the suit arose, and that the nature and extent of the injury and its effect was as we have delineated.
It can only be concluded that a verdict in such amount for the damages sustained by the minor plaintiff was induced by some misconception of the law or the evidence or that the jury did not consider all of the elements of damages involved.[8]
As to the appellant, Bruce Anastasio, this cause is reversed and remanded for a new trial on the issue of damages. As to the appellant, Jane Anastasio, individually, the judgment is affirmed.
Affirmed in part, reversed in part.
CROSS, J., concurs.
McCAIN, J., dissents, with opinion.
McCAIN, Judge (dissenting).
I must respectfully enter my dissent even though I find myself in sympathy with the majority opinion from a humanistic point of view. The role of the appellate courts in reviewing a trial court's denial of a new trial on grounds of an inadequate verdict is extremely limited. See City of Miami v. Smith, Fla. 1964, 165 So.2d 748; Shaw v. Puleo, Fla. 1964, 159 So.2d 641.
In my opinion it cannot be said that reasonable men could not have decided as they did and I would therefore affirm.
NOTES
[1] Midstate Hauling Company v. Fowler, Fla. 1965, 176 So.2d 87; Biltmore Terrace Associates v. Kegan, Fla.App. 1961, 130 So.2d 631.
[2] Roberts v. Bushore, Fla. 1966, 182 So.2d 401.
[3] Shaw v. Puleo, Fla. 1964, 159 So.2d 641; Utley v. Southern Metal Products Co., Fla.App. 1959, 116 So.2d 28.
[4] cf. Clark v. Yellow Cab Company of Miami, Fla.App. 1967, 195 So.2d 39; Cohen v. Springer Motor Co., Fla.App. 1966, 185 So.2d 748; White v. Acker, Fla.App. 1963, 155 So.2d 176.
[5] cf. Goldstein v. Walters, Fla.App. 1961, 126 So.2d 759; Andrews v. Cardosa, Fla. App. 1957, 97 So.2d 43.
[6] cf. Hayes v. Hatchell, Fla. 1964, 166 So.2d 146 (rev'g Fla.App. 1963, 157 So.2d 855); White v. Bacon, Fla.App. 1964, 166 So.2d 678; White v. Acker, supra note 4; Goldstein v. Walters, Fla.App. 1961, 126 So.2d 759; Chomont v. Ward, Fla. 1958, 103 So.2d 635.
[7] cf. City of Miami v. Smith, Fla. 1964, 165 So.2d 748; Miller v. James, Fla.App. 1966, 187 So.2d 901; Freeman v. Bandlow, Fla.App. 1962, 143 So.2d 547.
[8] Radiant Oil Co. v. Herring, 1941, 146 Fla. 154, 200 So. 376.