WALDEN, Judge
(dissenting).
In my opinion the trial court erred in granting the plaintiffs' motion for new trial and erred in entering a directed verdict in favor of plaintiffs on the threshold question as to whether Mrs. Brannen sustained a permanent injury.
While the trial court was correct in observing “that there was no contradicting expert testimony at the trial on the issue of the plaintiff sustaining a permanent injury as a result of the subject accident” as a basis for awarding the new trial and directed verdict, the trial court apparently gave no attention to other trial highlights which justified the jury’s verdict.
Mrs. Brannen had been involved in prior accidents and suffered personal injuries and she was not candid and forthcoming to her doctors about such accidents and preexisting injuries. In my opinion Mrs. Bran-nen was impeached to the degree that the jury was entitled to disbelieve her as to the cause, existence, and magnitude of her present claimed injuries. Moreover, because of lack of candor in giving history to her doctors, the jury would have been warranted in discounting the doctors’ opinion evidence.
I would reverse and remand with instructions to enter judgment based on the jury’s verdict. See White v. Acker, 155 So.2d 176 (1963); Ingle v. Cochran, 151 So.2d 63 (Fla. 1st DCA 1963); Bailey v. Sympson, 148 So.2d 729 (Fla. 3rd DCA 1963).