HARRIS, Chief Judge.
This is a case involving a jury verdict based on evidence of a minor injury. The. jury refused to compensate for pain and suffering and the trial court refused to grant a new trial. Plaintiff appealed. We hold that the trial court should have some discretion to deny a new trial when it finds that the jury considered the claim of pain and suffering but denied damages.[1] Here the jury was *982 properly instructed on the law of the case and decided to award only medical expenses in this action brought by one boy against his friend for damages resulting from horseplay.
The trial court stated in its order denying a new trial:
It is clear from then’ verdict that the jury viewed the BB gun accident in this case to be a minor incident blown out of proportion by plaintiffs and their counsel. The physical pain involved was a momentary sting. The jury apparently felt that there was no need for future medical expenses and the mental anguish was self inflicted. The court sees no basis to overturn the jury’s decision in these areas.
In Shaw v. Puleo, 159 So.2d 641, 644 (Fla.1964), the supreme court held:
In reviewing a jury verdict in a case wherein the trial court has denied a motion for new trial alleging inadequacy of damages, an appellate court is bound to remember that the test of inadequacy of a verdict is not what the reviewing court would have decided had it tried the case, but whether it can be said that the jurors as reasonable men could not have found the verdict they did.
We agree with the trial court that under the facts of this case, it cannot be said that the jurors acted unreasonably.
AFFIRMED.
COBB, J., concurs.
DAUKSCH, J., dissents with opinion.

. While common experience tells us that there was some initial pain involved in this BB gun *982 shooting, whether it was sufficient to justify com-pensable damages seems properly to be a jury question. One doctor testified that Brian (the plaintiff) exhibited no pain or neurological symptoms (although he occasionally suffered headaches from a previous injury.) Certainly the jury could determine from the evidence in this case that no future medical damages would be justified. Two doctors testified that there was no reason to remove the BB.